FILED
AUG 21 2019
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA [UNDER SEAL],** | ) | **Civil Action No:** 1:19 CV 1900 |
| | ) | **JUDGE** |
| **Relators,** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | **FILED IN CAMERA AND** |
| **[UNDER SEAL],** | ) | **UNDER SEAL PURSUANT TO** |
| | ) | **31 U.S.C. §3730(b)(2)** |
| **Respondents.** | ) | |

JUDGE ADAMS

MAG. JUDGE BURKE

**DOCUMENT TO BE KEPT UNDER SEAL**
**DO NOT ENTER ON PACER**

PAID $400.00 RECEIPT # 54600007171 ON 8/21/19

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** ***ex rel.*** **RODNEY STAHL** c/o Tittle & Perlmuter 2012 W. 25th Street, Suite 716 Cleveland, OH 44113 | ) | **Civil Action No:** |
| | ) | **JUDGE** |
| Relator, | ) | **COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT [31 U.S.C. § 3729 et seq.]** |
| v. | ) | **[DO NOT SERVE]** |
| **POSTAL FLEET SERVICES, INC.** 2808 5th Street N, Suite 501 Saint Augustine, FL 32084 | ) | **FILED IN CAMERA AND UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(B)(2)** |
| Respondent. | ) | **JURY TRIAL DEMANDED** |

For its Complaint against Respondent, the United States of America, through Relator Rodney Stahl, states and alleges as follows:

## INTRODUCTION

1. This qui tam action is brought by Rodney Stahl as Relator for the United States of America seeking statutory penalties, treble damages, and attorneys' fees under the False Claims Act, 31 U.S.C.§ 3729, *et seq.* relating to Respondent's false certification of its compliance with the minimum wage and fringe benefit compensation provisions of the McNamara-O'Hara Service Contract Act, 41 U.S.C. § 6701, *et seq.* ("SCA").

2. In violation of the SCA, Respondent habitually and intentionally pays its service employees less than the requisite minimum monetary wages and fringe benefit compensation amounts set forth by statute and in the Department of Labor's Wage Determination Letters applicable to Respondent's employees. Respondent certifies compliance with the SCA to the United States as a condition of its receipt of contract work from the United States.

3. Respondent further obfuscates and conceals its violations of the SCA by failing to maintain adequate and accurate records regarding hours worked by its employees as required by the FLSA, 29 U.S.C. § 211(c).

## PARTIES

4. Respondent Postal Fleet Services is a Florida corporation that operates as a United States Postal Service ground service contractor in 35 states across the nation, including within the geographical jurisdiction of this Court.

5. From September 22, 2017 through the present, Relator Rod Stahl has been employed by Respondent as a tractor-trailer driver from the USPS' Cleveland Processing & Distribution Center.

6. From August 1, 2018 through June 30, 2019, Relator Scott Pryor was employed by Respondent as a tractor-trailer driver from the USPS' Cleveland Processing & Distribution Center.

7. Both Relators' job duties for Respondent were performed largely within the geographical jurisdiction of this Court.

## JURISDICTION AND VENUE

8. The Court has federal question jurisdiction over Relator's claims under 31 U.S.C. § 3729.

9. This Court has personal jurisdiction over Respondent under Fed. R. Civ. P. 4(k)(1)(A) and Ohio's long arm statute, Ohio Revised Code § 2307.382 because Respondent transacts large amounts of business in geographical jurisdiction of this Court, and contracts to supply postal services within the geographical jurisdiction of this Court.

10. During the relevant time frame, Respondent received $2,400,000 or more annually for performance of its service contracts with the USPS to provide ground transportation services for the USPS within the geographical jurisdiction of this Court.

11. Venue is proper in this judicial district and division under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Relator's claims occurred here, and Respondent regularly conducts business, for which it receives almost $2.5 million per year in compensation, in this district and division out of which claims asserted herein arose.

12. Venue is also proper in this judicial district and division under 31 U.S.C. § 3730.

## THE SERVICE CONTRACT ACT AND ITS WAGE AND FRINGE BENEFIT REQUIREMENTS

13. The McNamara-O'Hara Service Contract Act, 41 U.S.C. § 351, *et seq.*, (the "SCA") governs contracts entered into between federal agencies that have as their principal purpose furnishing services through the use of "service employees."

14. The USPS is one such federal agency that contracts out portions of its services, including the ground transportation of mails, to private entities employing "service employees."

15. Respondent is one such private contractor of the USPS, and, upon information and belief, the largest USPS contractor by volume, receiving over $100 million per year in contracts from the USPS.

16. The SCA requires federal government contractors, like Respondent, to pay its "service employees" no less than the wage rates and fringe benefits prevailing in the locality, or, where applicable, the rates contained in a predecessor contractor's collective bargaining agreement.

17. "Service employees" are defined in the SCA as those employees engaged in performing services on a covered contract other than a bona fide "executive," "administrative," or

"professional" employee as those terms are defined in the FLSA and the Department of Labor's implementing regulations.

18. Relators, and the affected employees working for Respondent, are "service employees" under the SCA, and do not meet the definition of "executive," "administrative," or "professional" employees as those terms are defined in the FLSA and the Department of Labor's implementing regulations.

19. The Department of Labor issues SCA prevailing wage rate determinations for federal contracting agencies for inclusion into covered SCA contracts.

20. Contractors must bid for SCA-governed service contracts by incorporating the anticipated costs – including SCA-mandated wages and fringe benefits - of performing under these contracts into their bid, and federal contracting agencies, like the USPS, base their choice in contractor on the bids and the anticipated costs listed therein.

21. SCA wage determinations are then incorporated into the contracts between federal contracting agencies and private contractors, and contractors, like Respondent, violate the SCA if they fail to make timely payment of the minimum wages and/or fringe benefit contributions set forth in the wage determinations.

22. To secure and renew SCA-governed contracts, contractors like Respondent must certify that they will compensate their service employees under the prevailing wage rates set forth in the then-existing governing wage determinations.

23. For instance, at each renewal for all of its SCA-governed service contracts, Respondent submitted a USPS Form 7445 in which, to secure the renewal, it certified to the USPS it would "pay all service employees no less than the minimum salary and fringe benefits equal to the amount shown on the attached Wage Determination."

24. Respondent submitted, and continues to submit, such certifications to the USPS knowing at the time of submission that it has no intent to pay its service employees under its certification. Respondent does so to secure SCA-governed contracts for which it otherwise would be ineligible.

**RESPONDENT'S WILLFUL CIRCUMVENTION OF SCA REQUIREMENTS**

25. Respondent's contracted postal work in Northern Ohio is rendered under USPS contracts HCR440N9, HCR280N6, and HCR275P0.

26. Relator Rodney Stahl's job duties for Respondent require him to perform services under each of these contracts at various times. Relator Scott Pryor's job duties for Respondent were all performed under contract HCR440N9.

27. The minimum wage and fringe benefit amounts for contract HCR440N9 are set forth in Department of Labor Wage Determination 1977-0195. The minimum wage and fringe benefit amounts for contracts HCR280N6 and HCR275P0 are set forth in Department of Labor Wage Determination 1977-0193.

28. Respondent, however, does not compensate its service employees in accordance with these rates and, therefore, fails to compensate its service employees in accordance with the SCA. Respondent utilizes a variety of illegal tactics to underpay its employees, pocketing the excess cash it has received under the contract and which it has represented in its bid to the USPS would be necessary to perform the contracted services.

29. For instance, Respondent frequently fails to compensate its service employees for all hours worked. Often, hours spent by employees traveling mid-workday between Post Offices and/or Processing and Distribution Centers are unpaid. Other times, Respondent fails to compensate its employees for time spent loading and unloading mail from trucks.

30. Relator Scott Pryor's time and pay records from late-February 2019 illustrate the practice described in Paragraph 29. From February 16, 2019 from February 28, 2019, Pryor's time sheet shows he worked 93.5 hours:

Short Haul Time Card — POSTAL FLEET SERVICES, INC. P.O. Box 3106 St. Augustine, FL 32085 — U.S. DOT 1061289

DRIVER NAME: Scott Pryor

ON-DUTY TIME (100 AIR MILE EXEMPTION - "SHORT HAUL" TIME CARD)

| DATE | START | FINISH | START | FINISH | START | FINISH | TOTAL HO |
|---|---|---|---|---|---|---|---|
| 2-15 | 1500 | | | | | 2000 | 5 |
| 2-16 | 1500 | | | | | 2000 | 5 |
| 2-17 | [illegible] | | | | | | |
| 2-18 | 0430 | 0800 | Pres | dents | day | | 3 1/2 |
| 2-19 | 0400 | | | | | 1700 | 13 |
| 2-20 | 0400 | | | | | 1700 | 13 |
| 2-21 | 1500 | | | | | 2000 | 5 |
| 2-22 | 1500 | | | | | 2000 | 5 |
| 2-23 | 1500 | | | | | 2000 | 5 |
| 2-24 | | | | | | | |
| 2-25 | 0400 | | | | | 1700 | 13 |
| 2-26 | 0400 | | | | | 1700 | 13 |
| 2-27 | 0400 | | | | | 1700 | 13 |
| 2-28 | 1500 | | | | | 2000 | 5 |

31. Pryor's work with Respondent all fell under contract HCR440N9 and Wage Determination 1977-0195, entitling him to $20.70 per hour for each of those 93.5 working hours, and $20.70 per hour for 8 hours of holiday pay on President's Day, February 18, 2019. In other words, Scott Pryor's pay for the period from February 16-28, 2019 should have included 103.5 hours at $20.70 per hour (among any other types of pay earned or reimbursement due).

32. Yet his pay advice covering that period shows he was only paid for 95.57 hours at $20.70 per hour, and shorted $164.15 of earned hourly wages:

SCOTT A PRYOR — PEOPLEASE, LLC - HCR440N9/CLEVELAND P&DC (1453)

SSN# — Period Start Date 02-16-2019 — Check Date 03-15-2019 — Federal Filing Status M/2
EMP# M56269 — Period End Date 02-28-2019 — Check Number 001908027 — State Filing Status NONE/2

**Earnings - Current**

| Date | Pay Description | Pay Rate | Hrs/Units | Pay Amount | CNTRCT |
|---|---|---|---|---|---|
| 02-28-2019 | REGULAR PAY | 20 7000 | 73.17 | 1514 62 | HCR440N9 |
| 02-28-2019 | INSPECTION PAY | 20 7000 | 2 50 | 51.75 | HCR440N9 |
| 02-28-2019 | PORTAL WAGES | 20 7000 | 3 33 | 68 93 | HCR440N9 |
| 02-28-2019 | HOLIDAY | 20 7000 | 8 00 | 165 60 | HCR440N9 |
| 02-28-2019 | UNWORKED PD HRS | 20 7000 | 8 67 | 179.47 | HCR440N9 |
| 02-28-2019 | REIMBURSEMENT | 12 5000 | 1 00 | 12 50 | HCR440N9 |
| . | LATE SLIP WAGES | . | . | . | . |

**Deductions / Taxes**

| Description | Amount | YTD |
|---|---|---|
| CHILD SUPPOR | 30 60 | 183 60 |
| GARN FEE | 2 00 | 12 00 |
| ADVANCE | 0 00 | 506 70 |
| FEDERAL TAX | 120 48 | 641 44 |
| MEDICARE | 28.72 | 155.21 |
| SOC SECURITY | 122 79 | 663 65 |
| OH INCOME TAX | 50 08 | 267 85 |
| CLEVELAND,OH CI | 49.51 | 267 59 |

Gross Taxable Pay $1,980.37 TOTAL 96.67

33. In other circumstances, Respondent fails to compensate its employees for the requisite Wage Determination minimum fringe benefits amounts as required by 41 U.S.C. § 6703(2).

34. Relator Rodney Stahl's February 2019 pay and fringe benefit records reflect the latter practice described in Paragraph 33. His pay records show 107.5 total working and holiday hours under contract HCR440N9, 44 working hours under contract HCR280N6, and 26 working hours under contract HCR275P0:

RODNEY E STAHL — PEOPLEASE, L

SSN# — Period Start Date 02-01-2019 — Check Date 03-01-2019 — Fe
EMP# U47899 — Period End Date 02-15-2019 — Check Number 001885415 — St

**Earnings - Current**

| Date | Pay Description | Pay Rate | Hrs/Units | Pay Amount | CNTRCT |
|---|---|---|---|---|---|
| 02-15-2019 | REGULAR PAY | 20.7000 | 56.09 | 1160.85 | HCR440N9 |
| 02-15-2019 | REGULAR PAY | 19.6100 | 23.83 | 437 31 | HCR280N6 |
| 02-15-2019 | REGULAR PAY | 21.6000 | 14.08 | 304 13 | HCR275P0 |
| 02-15-2019 | REIMBURSEMENT | 12.5000 | 1 00 | 12 50 | HCR440N9 |
| . | HOLIDAY | . | . | . | . |
| . | UNWORKED PD HRS | . | . | . | . |

Gross Taxable Pay $1,932.30 TOTAL 94.99

RODNEY E STAHL — PEOPLEASE

SSN# — Period Start Date 02-16-2019 — Check Date 03-15-2019
EMP# U47899 — Period End Date 02-28-2019 — Check Number 001905031

**Earnings - Current**

| Date | Pay Description | Pay Rate | Hrs/Units | Pay Amount | CNTRCT |
|---|---|---|---|---|---|
| 02-28-2019 | REGULAR PAY | 20.7000 | 43 42 | 898.79 | HCR440N9 |
| 02-28-2019 | HOLIDAY | 20.7000 | 8 00 | 165 60 | HCR440N9 |
| 02-28-2019 | REIMBURSEMENT | 12 5000 | 1 00 | 12 50 | HCR440N9 |
| 02-28-2019 | REGULAR PAY | 19.6100 | 20 17 | 395.53 | HCR280N6 |
| 02-28-2019 | REGULAR PAY | 21 6000 | 11 92 | 257 47 | HCR275P0 |
| . | UNWORKED PD HRS | . | . | . | . |

Gross Taxable Pay $1,717.39 TOTAL 84.51

35. In February 2019, the hourly fringe benefit requirement under Wage Determination

1977-0195, and therefore contract HCR440N9, was $5.06 per hour up to 40 in a workweek under that contract. The hourly fringe benefit requirement under Wage Determination 1977-0193, and therefore contracts HCR280N6 and HCR275P0, was $4.70 per hour up to 40 in a workweek for each of those contracts.

36. As stated in the Department of Labor's SCA implementing regulations at 29 CFR § 4.172 "[t]he Act's fringe benefit requirements are applicable on a contract-by-contract basis, employees performing on more than one contract subject to the Act must be furnished the full amount of fringe benefits to which they are entitled under each contract and applicable wage determination."

37. Thus, in February 2019, Relator Rodney Stahl was entitled to $872.95 in fringe benefit payments ((107.5 hours x $5.06 per hour under 440N9) + (44 hours x $4.70 per hour under 280N6) + (26 hours x $4.70 per hour under 275P0).

38. Yet, as Respondent's own records demonstrate, Respondent contributed only $736.07 toward its fringe benefit requirements for Relator Rodney Stahl in February 2019:

**Hours**

**From** • i.e. (mm/dd/yyyy) **To** • i.e. (mm/dd/yyyy) **Individual Funding**

| Hours From | Hours To | Fringe Hours | Sick Hours | Contract Name | Fringe Rate | Fringe Amount | Employee Contribution | Employer Contribution |
|---|---|---|---|---|---|---|---|---|
| 2/1/2019 | 2/28/2019 | 156.61 | 0 | $4.70 MM Plan (Class 3) | $4.70 | $736.07 | $0.00 | $0.00 |

39. Both Relators were, at various times, subjected to each of the practices described in Paragraphs 23-38.

## PRAYER FOR RELIEF

### Count I
### False Claims Act
### 31 U.S.C. § 3729(a)(1)(A) & (C)

40. Relators reallege and incorporate by reference the allegations in the paragraphs above as though fully set forth herein.

41. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. 3729, et seq. as amended.

42. Through the acts described above, Respondent knowingly presented or caused to be presented false or fraudulent claims for payment or approval.

43. The Government, unaware of the falsity of all such claims made or caused to be made by Respondent, has paid and continues to pay such false or fraudulent claims that would not be paid but for Respondent's illegal conduct.

44. By Respondent's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

45. The United States is entitled to the maximum penalty of up to $11,000 for every violation alleged.

### Count II
### False Claims Act
### 31 U.S.C. § 3729(a)(1)(B) & (C)

46. Relators reallege and incorporate the above paragraphs as though fully set forth herein.

47. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. 3729, et seq. as amended.

48. Through the acts described above, Respondent knowingly made, used, or caused to be made or used false records or statements material to false or fraudulent claims. Respondent also conspired to the same as described above.

49. The Government, unaware of the falsity of the records, statements, and claims made or caused to be made by Respondent, has paid claims that would not be paid but for Respondent's illegal conduct.

50. By Respondent's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

51. The United States is entitled to the maximum penalty of up to $11,000 for every violation alleged.

**Count III**
**False Claims Act**
**31 U.S.C. § 3729(a)(1)(D)**

52. Relators reallege and incorporate the above paragraphs as though fully set forth herein.

53. This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. § 3729, et seq., as amended.

54. Through the acts described above, Respondent knowingly and improperly delivered less than all of the Government money over which it had possession, custody, or control.

55. Respondent failed to pay wages and benefits in violation of Federal law, as described herein, and thus retained a portion of Government money it was not entitled to keep.

56. By Respondent's acts, the United States has been damaged, and continues to be damaged, in a substantial amount to be determined at trial.

57. The United States is entitled to the maximum penalty of up to $11,000 for every violation alleged herein.

WHEREFORE, Relator prays for judgment against Respondent as follows:

1. That Respondent ceases and desists from violating 31 U.S.C. § 3729 et seq.;
2. That this Court enter judgment against Respondent in an amount equal to three times the damages the United States has sustained because of Respondent's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;
3. That Relator be awarded the maximum amount allowed under §3730(d) of the False Claims Act and the False Claims Act;
4. That Relator be awarded all costs of this action, including attorneys' fees and expenses; and
5. That the United States and Relator recover such other and further relief the Court deems just and proper.

Respectfully submitted,

Warner D. Mendenhall (0070165)
190 North Union St., Suite 201
Akron, OH 44304
(330) 535-9160
(330) 762-9743 fax
warner@warnermendenhall.com

Scott Perlmuter (0082856)
**TITTLE & PERLMUTER**
2012 West 25th Street, Ste. 716
Cleveland, Ohio 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

*Attorneys for Relator*

**JURY DEMAND**

Relator hereby demands a trial by jury on all issues so triable.

Warner D. Mendenhall (0070165)